**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: November 19 2018

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 18-30447 |
| | ) | |
| Jeremy Michael Downey, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 18-3040 |
| | ) | |
| Darren M. Smith, et al., | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| Jeremy M. Downey, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on Plaintiffs' unopposed Motion for Summary Judgment ("Motion") [Doc. #19]. Defendant is the debtor in the underlying Chapter 7 case. Plaintiffs allege in their complaint that a judgment debt owed to them by Defendant should be excepted from his discharge under 11 U.S.C. § 523(a)(2)(A) and (a)(4). In their Motion, Plaintiffs contend that the debt is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) by virtue of the doctrine of issue preclusion. For the reasons that follow, Plaintiffs' motion will be denied.

## FACTUAL BACKGROUND

On September 9, 2016, Plaintiffs entered into a contract with Defendant for the purchase of property located at 870 Fenway Drive,[1] Lima, Ohio, for a purchase price of $194,000. [D. Smith Aff., ¶ 2]. Defendant completed a Residential Property Disclosure Form, indicating that he knew of no "previous or current water leakage, water accumulation, excess moisture or other defects to the property, including but not limited to any area below grade, basement or crawl space" and no "water or moisture related damage to floors, walls or ceilings as a result of flooding, moisture seepage, moisture condensation. . . ." [Doc. # 19, Ex. A, ¶ D]. Plaintiffs relied on the representations of Defendant in the Residential Property Disclosure Form in purchasing the property. [D. Smith Aff., ¶ 5]. An inspection of the property revealed no issues, and Plaintiffs closed on the sale of the home on October 21, 2016. [*Id*. at ¶ 4].

After discovering past water damage and leakage pursuant to an incident of flooding, Plaintiffs filed a complaint against Defendant in the Allen County Court of Common Pleas ("State Court"), alleging fraud in Defendant's sale of the home. [*Id.* at ¶ 7]. The State Court entered default judgment against Defendant on September 29, 2017. [*Id.* at ¶ 8; Doc. # 19, Ex. B]. The State Court found that Defendant had been properly served with the summons and complaint and that Defendant was in default for failing to answer or appear. [Doc. # 19, Ex. B, p. 1]. Based upon allegations in the complaint, the State Court judgment sets forth the following factual findings:

* Defendant fraudulently disclosed facts on the Residential Property Disclosure Form for the property located at 879 Fenway Drive, Lima, Ohio ("the Property") .
* Defendant falsely represented facts to Plaintiffs that they reasonably relied upon in purchasing the Property.
* Plaintiffs justifiably relied on Defendant's false representations and, as a result, were damaged in the amount of $27,935.21.

[*Id.* at 1-2].

Defendant filed for relief under Chapter 7 of the Bankruptcy Code on February 23, 2018. Plaintiffs timely commenced this adversary proceeding on May 7, 2018.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by

---

[1] Although Smith's affidavit identifies the property as 870 Fenway Drive, the Residential Property Disclosure Form and the State Court judgment identify it as 879 Fenway Drive.

2

Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

Although a party fails to respond to a motion for summary judgment, as is the case here, the court must nevertheless satisfy itself that the moving party has met the demands of Fed. R. Civ. P. 56 before granting the motion. *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992).

## II. 11 U.S.C. §523(a)(2)(A)

Under § 523(a)(2)(A), a debt is excepted from discharge to the extent it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." In order to except a debt from discharge under § 523(a)(2)(A), a plaintiff must prove the following elements by a preponderance of the evidence: (1) the debtor obtained money or services through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998).

Plaintiffs argue that the collateral estoppel, or issue preclusive, effect of the State Court judgment precludes Defendant from litigating in this court Plaintiffs' fraudulent misrepresentation claim. Issue preclusion principles apply to dischargeability proceedings in bankruptcy cases. *See Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991)("[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."). Under 28 U.S.C. § 1738, the federal full faith and credit statute, a federal court must accord a state court judgment the same preclusive effect the judgment would have in state

3

court. *Corzin v. Fordu (In re Fordu),* 201 F.3d 693, 703 (6th Cir. 1999). In determining whether a prior state court judgment should be given preclusive effect in a federal action, the federal court must apply the law of the state in which the prior judgment was rendered. *Id.* Thus, in this case, the court must apply Ohio issue preclusion principles.

Under Ohio law, there are four requirements for the application of the doctrine of issue preclusion: (1) a final appealable judgment on the merits after a full and fair opportunity to litigate the issue; (2) the issue was actually and directly litigated in the prior action and must have been necessary to the final judgment; (3) the issue in the present suit must have been identical to the issue in the prior suit; and (4) the party against whom estoppel is sought was a party or in privity with the party to the prior action. *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002); *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 478 (2006); *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994). The person asserting issue preclusion carries the burden of proving its requirements by a preponderance of the evidence. *A Packaging Service Co. v. Siml (In re Siml),* 261 B.R. 419, 422 (Bankr. N.D. Ohio 2001).

The evidence shows that Defendant was a party in the prior State Court action and that a final appealable judgment was entered in that proceeding. It further shows that Defendant was properly served with the State Court summons and complaint and thus, had a full and fair opportunity to litigate the issues alleged in that action. The fact that he filed no answer and offered no defense is of no consequence. It is only necessary that the opportunity to fully and fairly litigate the issues be available; it is not required that the party have exercised that opportunity. *Sloan Dev., LLC v. Gill (In re Gill)*, Adv. No. 11-3067, 2012 WL 909513, at *3, 2012 Bankr. LEXIS 1133, *9 (Bankr. N.D. Ohio March 15, 2012). The first and fourth elements of issue preclusion under *Sweeney* are satisfied.

The third element is also satisfied. The same issues in this adversary proceeding with respect to Plaintiffs' dischargeability claim based on Defendant's alleged fraudulent misrepresentation were decided in the State Court action – namely, that Defendant obtained money from Plaintiffs through his fraudulent misrepresentation regarding the condition of the Property that was justifiably relied upon by Plaintiffs. The elements of a fraudulent misrepresentation claim under Ohio law mirror the elements that must be shown in order to prevail under § 523(a)(2)(A). *Compare Deutsche Bank Nat'l Trust Co. v. Pevarski*, 187 Ohio App.3d 455, 470-471 (2010) (setting forth the elements of a claim of fraudulent misrepresentation under Ohio law) *with Rembert,* 141 F.3d at 280-81 (setting forth the elements of a § 523(a)(2)(A) claim).

However, Plaintiffs have failed to meet their burden of proving the "actually litigated" element under *Sweeney*. The requirement that an issue must have been the subject of actual litigation, is one of the

elements that distinguishes issue preclusion from claim preclusion. Noting that the Ohio Supreme Court has not spoken directly on this issue and noting the lack of any clear guidance by the intermediate Ohio appellate courts, the rule gleaned by the Sixth Circuit Bankruptcy Appellate Panel from the few cases available is that "a default judgment must contain express findings in order to be given preclusive effect in subsequent litigation between the parties." *Id.* at 193. The Panel adopted the rule set forth in *Hinze v. Robinson (In re Robinson)*, 242 B.R. 380 (Bankr. N.D. Ohio 1999). *Sweeney*, 276 B.R. at 194. In *Robinson,* the court held that the preclusive effect of a default judgment is limited to situations in which two circumstances must exist:

> First, the plaintiff must actually submit to the state court admissible evidence apart from his pleadings. In other words, a plaintiff's complaint, standing alone, can never provide a sufficient basis for the application of the collateral estoppel doctrine. Second, the state court, from the evidence submitted, must actually make findings of fact and conclusions of law which are sufficiently detailed to support the application of the collateral estoppel doctrine in the subsequent proceeding. In addition, given other potential problems that may arise with applying the collateral estoppel doctrine to default judgments (e.g., due process concerns), this Court will only make such an application if the circumstances of the case would make it equitable to do so.

*Id.* at 193-94 (quoting *Robinson*, 242 B.R. at 387).

      Plaintiffs cite, and this court is aware of, no subsequent Ohio case that provides contrary guidance on the issue. Although the Ohio Supreme Court has not specifically addressed the issue preclusive effect of a default judgment, it addressed the "actually litigated" requirement for application of issue preclusion in *State ex rel. Davis v. Public Employees Retirement Board*, 120 Ohio St. 3d 386 (2008). The Court recognized that [t]here are many reasons why a party may choose not to raise an issue, or to contest an assertion, in a particular action" and that the interests served by the doctrine of issue preclusion - conserving judicial resources, maintaining consistency, and avoiding oppression or harassment of the adverse party - "are less compelling when the issue on which preclusion is sought has not actually been litigated before." *Id.* at 393 (quoting 1 Restatement of the Law 2d, Judgments, Section 27, Comment e). The Court cited with approval the Restatement's explanation that "an issue is not actually litigated. . . if it is raised in an allegation by one party and is admitted by the other before evidence on the issue is adduced at trial" or "if it is the subject of a stipulation between the parties." *Id.* at 394. Thus, the Court held that issue preclusion did not apply to preclude litigation of an issue to which the appellees had, in effect, stipulated in the prior case. *Id.*

      While it is true, as argued by Plaintiffs, that the State Court judgment includes factual findings, there is no suggestion that they submitted evidence to the court apart from their complaint. Rather, there is no

5

dispute that the State Court's findings were based solely upon allegations in Plaintiff's complaint deemed admitted under Ohio Rule of Civil Procedure 8(D) as a result of his failure to file an answer. [*See* Doc. # 19, p.13]. Under the standard set forth in *Sweeney* and *Robinson*, as well as the Restatement cited with approval by the Ohio Supreme Court in *Davis,* Plaintiffs have not met their burden of showing that their fraudulent misrepresentation claim was actually litigated in State Court. The doctrine of issue preclusion is thus inapplicable in this case because the second element under *Sweeney* has not been satisfied.

**THEREFORE**, for all of the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment [Doc. # 19] be, and hereby is, **DENIED.**

###